UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                    Chapter 13

Maria Mori,                                               Case No. 8-22-72742-las

                          Debtor.
-------------------------------------------------------------x

MEMORANDUM ORDER ON MOTION FOR (A) IMMEDIATE
AND PROSPECTIVE RELIEF FROM AUTOMATIC STAY
AND (B) RELIEF FROM CO-DEBTOR STAY

I.      Introduction

Maria Mori ("Debtor") proceeding *pro se* filed a petition for relief under chapter 13 of the Bankruptcy Code on October 7, 2022, four days before a scheduled foreclosure sale of the real property owned by the Debtor and her spouse, Ronnie Mori, located at 1043 Commack Road, Dix Hills, New York 11746 (the "Property" or "1043 Commack Road"). The Debtor's current case is the fourth bankruptcy filing within the past ten months affecting the Property. The three previous bankruptcy filings were made by Mr. Mori. His third bankruptcy case, filed on September 29, 2022, sought relief under chapter 13. *See* Case No. 8-22-72625-las. Pursuant to 11 U.S.C. § 362(c)(4)[1] the automatic stay did not go into effect upon the filing of Mr. Mori's latest chapter 13 case, and Mr. Mori did not request that the Court order the stay to take effect in the case. The chapter 13 Trustee moved to dismiss Mr. Mori's case under § 1307(c), for cause, asserting, among other things, that Mr. Mori failed to file a complete set of schedules, a statement of financial affairs, and a chapter 13 plan, and failed to commence making chapter 13 plan payments. Mr. Mori did not file opposition to the motion. The motion

---

[1] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)."

1

was scheduled to be heard on November 17, 2022. Mr. Mori's chapter 13 case, however, was dismissed on November 15, 2022 for failure to comply with the mandatory disclosure requirements under § 521(i). The October 11, 2022 foreclosure sale was stayed under § 362(a) by the Debtor's filing of her petition for relief under chapter 13 of the Bankruptcy Code on October 7, 2022. On that day, before she commenced her chapter 13 case, the Debtor acquired an interest in the Property by quit claim deed which transferred ownership from Mr. Mori to himself and the Debtor.

Presently before the Court is the motion, dated October 11, 2022 (the "Motion") [Dkt. No. 8], of Windward Bora LLC ("Windward Bora") for entry of an order (i) terminating pursuant to § 362(d)(1) the automatic stay imposed in the Debtor's chapter 13 case by § 362(a) to allow Windward Bora's enforcement of its rights in, and remedies in and to, the Property, (ii) modifying the co-debtor stay as to Mr. Mori pursuant to § 1301, and (iii) granting *in rem* relief pursuant to § 362(d)(4) as to Windward Bora's interest in the Property so that any subsequent filings by the Debtor or any person or entity with an interest in the Property shall not operate as a stay against Windward Bora with regard to the Property for a period of two years.

II.     Jurisdiction

The Court has jurisdiction over the Motion under 28 U.S.C. § 1334 and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012. Proceedings seeking relief from the automatic stay are core proceedings that the Court may hear and decide. 28 U.S.C. § 157(b)(1), (b)(2)(G).

III.   Background

    A. Procedural Background

The Motion, which specified the date of the telephonic hearing before the Court to consider the requested relief from the automatic stay and the co-debtor stay, was served on the Debtor and Mr. Mori at 1043 Commack Road by first class mail on October 12, 2022. [Dkt. No. 8]. At the November 1, 2022 hearing ("Hearing") on the Motion, Andrew David Goldberg, Esq. of The Margolin and Weinreb Law Group, LLP appeared on behalf of Windward Bora. No opposition to the Motion was filed by the Debtor prior to the Hearing and the Debtor, nor anyone on behalf of the Debtor, appeared at the Hearing. At the conclusion of the Hearing, the Court, after careful consideration of Windward Bora's submissions and argument, determined that Windward Bora established cause for both immediate and prospective relief from the automatic stay, and relief from the co-debtor stay. Accordingly, the Motion was granted.

Immediately after the Hearing concluded, Mr. Mori, on behalf of the Debtor, filed written opposition to the Motion. The opposition did not give any explanation for the untimely objection or the Debtor's failure to appear at the Hearing. Rather, the Debtor contends she was only alerted the weekend before the Hearing that the Motion papers were left at 1043 Commack Road. She argues that Windward Bora was aware that she resided at 3 Enste Court, Commack, New York 11725 ("3 Enste Court") because the mortgage statements and other documents relating to the Property have a mailing address of 3 Enste Court and Windward Bora should have served the papers on her at that address. Debtor also alleges that the amount owed to Windward Bora is incorrect and she and Mr. Mori want the Motion adjourned so they can have an attorney try to work out a proper payoff. Although untimely, the Court nonetheless reviewed the Debtor's opposition.

B. Adequacy of Notice

After careful consideration of the opposition and the proceedings before the Court, the Court finds that the Motion and notice of the Hearing were appropriately served upon the Debtor and Mr. Mori at 1043 Commack Road. "The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." *Hagner v. United States*, 285 U.S. 427, 430 (1932) (citing *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884)). An affidavit of service showing that the documents were mailed at the address specified in the sender's records and not returned as undeliverable is sufficient evidence to invoke the presumption that the mailing was received. *In re Greenberg*, 526 B.R. 101, 106 (Bankr. E.D.N.Y. 2015). "This presumption applies in bankruptcy cases and a [party] may invoke the presumption of receipt based upon the court's certificate of mailing." *Cablevision Systems Corp. v. Malandra (In re Malandra)*, 206 B.R. 667, 673 (Bankr. E.D.N.Y.1997)). Here, the affidavit of service filed by Windward Bora shows that the Motion was served on the Debtor and Mr. Mori at 1043 Commack Road by first-class mail on October 12, 2022. [Dkt. No. 8].

The Debtor does not deny receipt of the Motion, and the opposition papers do not rebut the presumption that a properly addressed piece of mail is considered served and delivered. Additionally, the Debtor does not argue that the Motion was not clear or that it did not reasonably convey the relief requested, the hearing date, or the time by which an objection to the Motion must be served on Windward Bora and filed with the Court. Instead, as noted above, the Debtor maintains that Windward Bora did not properly provide her with notice by serving her at 1043 Commack Road as opposed to 3 Enste Court. This argument is unavailing for the following reasons.

4

The Debtor signed her chapter 13 petition on October 7, 2022, declaring under penalty of perjury that the information provided therein was true and correct. [Dkt. No. 1]. In response to question 5 of the petition, which asks where the debtor lives, the Debtor listed 1043 Commack Road as her address. Question 5 also inquires whether the debtor's mailing address is different from the one provided noting that the court will send notices to the debtor at that mailing address. Debtor did not provide any alternative mailing address and nowhere in her bankruptcy petition or in her schedules and statement of financial affairs, which were filed on November 1, 2022, does she list an address different from 1043 Commack Road. Indeed, question 2 of the Debtor's statement of financial affairs, which Debtor declared to be true and correct under penalty of perjury, asks during the last three years has the debtor "lived anywhere other than where you live now?", to which Debtor responded, "No." The Statement Pursuant to Local Bankruptcy Rule 1073-2(b) regarding any related pending bankruptcy cases and Declaration of Pro Se Debtor(s), both of which were certified or declared by the Debtor to be true and correct under penalty of perjury, also listed 1043 Commack Road as her address. Additionally, the quit claim deed by which Mr. Mori transferred an ownership interest in 1043 Commack Road to the Debtor on October 7, 2022, the day she filed her chapter 13 petition and four days before a scheduled foreclosure sale of the Property, states the address of the Debtor and Mr. Mori as 1043 Commack Road.

Further, the mortgage statements for the Property attached to the Debtor's opposition papers are addressed only to Mr. Mori, and not the Debtor, at the 3 Enste Court address. However, Mr. Mori lists 1043 Commack Road as his address in response to question 5 of the chapter 13 petition filed to commence his third bankruptcy case. The petition was signed under penalty of perjury. Similarly, Mr. Mori did not list an alternative mailing address in the chapter 13 petition and his own Statement Pursuant to Local Bankruptcy Rule 1073-2(b)

5

and Declaration of Pro Se Debtor(s) lists 1043 Commack Road only. Mr. Mori did not file schedules and a statement of financial affairs in his third bankruptcy case and as noted above, the third bankruptcy case was dismissed for failure to comply with the mandatory disclosure requirements under § 521(i). Both the Debtor and Mr. Mori provided notice of their address as 1043 Commack Road in their bankruptcy filings and did not inform the Court or Windward Bora of any changes in their mailing address for purposes of ensuring that they receive adequate notice.

Thus, based on the record placed before it, the Court finds that service of the Motion upon the Debtor and Mr. Mori at 1043 Commack Road, which is the most recent address for both the Debtor and Mr. Mori on file with the Court for noticing purposes, to be sufficient. "The proper inquiry in evaluating notice is whether the party giving notice acted reasonably in selecting means likely to inform persons affected, not whether each person actually received notice." *In re Best Pro., Co.*, 140 B.R. 353, 357-58 (Bankr. S.D.N.Y. 1992) (citing *Weigner v. New York*, 852 F. 2d 646, 649 (2d Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989)).

### C. Relief From the Automatic Stay and Co-Debtor Stay

Having concluded that notice of the Motion was properly served upon the Debtor and Mr. Mori at 1043 Commack Road, the Court turns to the substance of the Debtor's opposition. Upon careful review, the Court does not find the opposition to be persuasive for the following reasons. First, the opposition neither addresses nor objects to the substance of the relief sought in the Motion. Rather, the Debtor seeks time to retain a lawyer to try to work out a proper payoff. This, the Debtor and Mr. Mori can do outside the context of the chapter 13 case. Second, notably absent from the opposition papers is any argument or suggestion that Windward Bora's interest in the Property is adequately protected or that the Debtor seeks to pay any mortgage arrears owed over the life of a chapter 13 plan.

As to the merits of the Motion, the relevant facts are not in dispute.[2] On July 7, 2019, the United States District Court for the Eastern District of New York entered a Judgment of Foreclosure and Sale with respect to the Property in favor of Windward Bora in an action entitled *Windward Bora LLC v. Ronnie Mori and William Carmen*, Case No. 18-cv-06534-DRH-ARL. [Dkt. No. 8]. Due to the intervening COVID-19 pandemic in 2020, any foreclosure sale with respect to the Property was stayed first due to a federal moratorium and then the New York State moratorium against foreclosures and evictions, which expired on January 15, 2022.

On January 28, 2022, Mr. Mori filed for relief under chapter 7 of the Bankruptcy Code under Case No. 8-22-70153-las ("First Bankruptcy Case"). The filing of the First Bankruptcy Case invoked the automatic stay under § 362(a) and stayed enforcement by Windward Bora of its rights and remedies under the Judgment of Foreclosure and Sale. Mr. Mori failed to provide an acceptable photo identification as is required under the Court's Administrative Order No. 653, and the First Bankruptcy Case was therefore dismissed on February 15, 2022.

A foreclosure sale of the Property was scheduled for June 29, 2022. On that day, prior to the scheduled foreclosure sale, Mr. Mori filed his second bankruptcy case seeking relief under chapter 13 of the Bankruptcy Code, Case No. 8-22-71578-las ("Second Bankruptcy Case"). The filing of the Second Bankruptcy Case stayed the foreclosure sale under § 362(a). By motion dated July 27, 2022, the chapter 13 Trustee sought dismissal of the Second

---

[2] The Court has taken judicial notice of the contents of the docket in the Debtor's bankruptcy case and Mr. Mori's three bankruptcy cases. *Teamsters Nat'l Freight Indus. Negotiating Comm. et al. v. Howard's Express, Inc. (In re Howard's Express, Inc.)*, 151 Fed. Appx. 46, 48 (2d Cir. 2005) (stating that courts are empowered to take judicial notice of public filings, including a court's docket); *Levine v. Egidi*, No. 93 C 188, 1993 WL 69146 (N.D. Ill. Mar. 8, 1993); *MedMal Trust Monitor v. VIII SV 5556 Lender, LLC (In re Saint Vincent's Catholic Med. Ctrs. of N.Y.)*, 440 B.R. 587, 599 (Bankr. S.D.N.Y. 2010) (taking judicial notice of the docket in the underlying bankruptcy case); *In re Campbell*, 500 B.R. 56, 59 n.7 (Bankr. D.N.M. 2013) (electing to take judicial notice of the entire file in the case for sake of completeness as a bankruptcy court has the inherent authority to take judicial notice of entries on its own docket).

7

Bankruptcy Case because Mr. Mori had failed to (i) submit any monthly pre-confirmation payments to the Trustee, (ii) file a chapter 13 plan, (iii) provide the Trustee with all filings required under § 521 and all mandatory disclosure documentation as set forth in Local Bankruptcy Rule 2003-1, and (iv) appear at the initial section § 341 meeting of creditors held on July 26, 2022. Erica Yitzhak, Esq., Mr. Mori's bankruptcy counsel, filed a letter, dated August 23, 2022, informing the Court that Mr. Mori has no objection to the Trustee's motion to dismiss because Mr. Mori concluded that his plan payments will not be affordable because of a proof of claim filed by New York State. The Second Bankruptcy Case was dismissed on August 25, 2022.

A foreclosure sale of the Property was thereafter scheduled for October 11, 2022. On September 29, 2022, Mr. Mori, proceeding *pro se*, again filed for relief under chapter 13 of the Bankruptcy Code, Case No. 8-22-72625-las, his third bankruptcy filing in a span of eight months ("Third Bankruptcy Case"). Pursuant to § 362(c)(4), the automatic stay did not go into effect upon the filing by Mr. Mori of the Third Bankruptcy Case because there were two prior individual bankruptcy cases filed by Mr. Mori that were pending within the previous one-year period but were dismissed. 11 U.S.C. § 362(c)(4). On October 26, 2022, the chapter 13 Trustee filed a motion to dismiss the Third Bankruptcy Case due to Mr. Mori's failure to (i) submit any monthly pre-confirmation payments to the Trustee, (ii) file a chapter 13 plan, a Certificate of Credit Counseling, Statement of Financial Affairs, Statement of Current Monthly Income and Means Test, complete set of schedules and copies of pay statements from his employer for the sixty day period preceding the filing, (iii) provide the Trustee with copies of his previous year's state and federal tax returns, all filings required under § 521 and all mandatory disclosure documentation as set forth in Local Bankruptcy Rule 2003-1, and (iv) appear and/or be examined at the initial section 341 meeting of creditors held on October 25,

2022. Mr. Mori did not file opposition to the Trustee's motion to dismiss his chapter 13 case. The Third Bankruptcy Case was automatically dismissed on November 15, 2022, prior to the scheduled return date of the Trustee's motion, because Mr. Mori failed to comply with the mandatory disclosure requirements under § 521(i).

As noted, pursuant to § 362(c)(4), the automatic stay did not go into effect upon the filing by Mr. Mori of the Third Bankruptcy Case. 11 U.S.C. § 362(c)(4). Thus, the foreclosure sale scheduled for October 11, 2022 was not stayed. On October 7, 2022, Mr. Mori transferred his interest in the Property to himself and to the Debtor by quit claim deed. [Dkt. No. 8]. Also on October 7, 2022, four days before the scheduled foreclosure sale, the Debtor, proceeding *pro se*, filed her chapter 13 case. Pursuant to § 362(a), the filing by the Debtor of her chapter 13 case stayed the foreclosure sale scheduled for October 11, 2022.

Windward Bora filed the Motion seeking termination (i) of the automatic stay under § 362(d)(1) and (ii) of the co-debtor stay under § 1301(c). By the Motion, Windward Bora also sought *in rem* relief from the automatic stay with respect to any future bankruptcy filings as to the Property pursuant to § 362(d)(4). Section 362(d)(1) allows a court to grant relief from the automatic stay on request of a party in interest "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). The party requesting relief from the automatic stay has the burden of proof on the issue of the debtor's equity in the property and the party opposing such relief has the burden on all other issues. 11 U.S.C. § 362(g). Here, the Court finds cause for granting immediate relief from the automatic stay under § 362(d)(1). Windward Bora has established its *prima facie* case that it lacks adequate protection by reason of the Debtor's failure to make post-petition payments. *See In re Elmira Litho, Inc.*, 174 B.R. 892, 902-04 (Bankr. S.D.N.Y. 1994). The burden now shifts to the Debtor and the Debtor has not met her burden of proof on the issue that

9

Windward Bora's interest in 1043 Commack Road is adequately protected. In fact, the Debtor has not presented any evidence on the issue of adequate protection. *See* 11 U.S.C. 362(g)(2).

The Court may also grant prospective *in rem* relief from the automatic stay as to real property to a creditor whose claim is secured by an interest in such real property for a period of two years if:

> the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4); *see also* 11 U.S.C. § 362(b)(20).

Subsection 362(d)(4)(A) applies to a scheme that involve the transfer of an ownership interest or other interest in real property without the consent of the secured creditor undertaken to hinder, delay or defraud a creditor. "This subsection only requires the existence of one forbidden transfer" and "the requirement of establishing a scheme would be satisfied unless the debtor could provide a sufficient explanation for the transfer." *In re Merlo*, Case no. 22-71690-reg, 2022 WL 16857102, at *4 (Bankr. E.D.N.Y. Nov. 10, 2022).

A separate ground for granting *in rem* relief is set forth in § 362(d)(4)(B). There, a scheme to hinder, delay, or defraud creditors may be established by demonstrating a pattern of multiple bankruptcy filings strategically timed and designed to frustrate the legitimate rights of creditors. Demonstrating that the bankruptcy petition was part of a scheme to hinder, delay or defraud creditors can be inferred from serial filings alone without the need to hold an evidentiary hearing. *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012); *In re Blair*, Nos. 09-76150-ast, 09-77562-ast, 2009 WL 5203738, at *4 (Bankr. E.D.N.Y. Dec. 21, 2009). "[M]ere timing and filing of several bankruptcy cases is an adequate basis from which a court can draw a permissible inference that the filing of a subsequent case was part of a scheme to

10

hinder, delay, and defraud creditors." *Blair*, 2009 WL 5203738, at *4. The focus of § 362(d)(4) "is the effect of the filing on the secured creditor's ability to utilize the full complement of powers granted under applicable state law" and thus, "the conduct of the debtor while in bankruptcy is less relevant than the actual timing and existence of multiple filings." *Merlo*, 2022 WL 16857102, at *4. The movant bears the burden of showing that the various bankruptcy cases are part of a scheme to hinder, delay, or defraud. *Blair*, 2009 WL 5203738, at *4.

Here, Windward Bora has established a scheme under § 362(d)(4)(A) by the transfer, without its consent, of an interest in the Property to the Debtor four days before a scheduled foreclosure sale so that her chapter 13 filing would invoke the automatic stay to stop the sale that was not stayed by the filing of Mr. Mori's Third Bankruptcy Case. Windward Bora has also established a pattern of bankruptcy filings by the Debtor and Mr. Mori each strategically timed to hinder and delay the exercise by Windward Bora of its rights as a secured creditor against the Property pursuant under § 362(d)(4)(B). The record shows that on October 7, 2022, by quit claim deed, Mr. Mori transferred his 100% ownership interest in the Property to himself and the Debtor without Windward Bora's consent. That transfer, four days before the scheduled October 11, 2022 foreclosure sale, compels the conclusion that it was done solely to enable the Debtor to file for bankruptcy relief on October 7, 2022 and invoke the automatic stay against Windward Bora's after Mr. Mori's own third bankruptcy filing on September 29, 2022 failed to implicate the automatic stay. Section 362(c)(4) provides a means by which an individual serial filer can request the court to order the stay to take effect by demonstrating that the latest bankruptcy filing was made in good faith as to the creditors to be stayed. Mr. Mori did not file any such motion in his Third Bankruptcy Case and that case was dismissed on November 15, 2022 under § 521(i) for failure to comply with a debtor's

mandatory disclosure obligations; thus, clearly indicating that the Third Bankruptcy Case was not filed in good faith.

Furthermore, the Court need not look beyond the timing and number of bankruptcy filings between the Debtor and Mr. Mori to conclude that this bankruptcy filing was part of a scheme to hinder, delay or defraud Windward Bora. Within a ten-month period, Mr. Mori and the Debtor have filed a total of four bankruptcy cases. Each of Mr. Mori's bankruptcy cases was dismissed because Mr. Mori failed to provide the appropriate photo identification, make any of the required bankruptcy filings or appear at the initial meeting of creditors. Both the Second Bankruptcy Case and the Third Bankruptcy Case were strategically timed to bring the scheduled foreclosure sale to a grinding halt. When the Third Bankruptcy Case failed to invoke the automatic stay, Mr. Mori transferred his 100% ownership interest in the Property to himself and the Debtor by quitclaim deed, dated October 7, 2022, without the consent of Windward Bora. That transfer, made four days prior to the scheduled foreclosure sale, enabled the Debtor to file her chapter 13 petition to stay the sale. While the Debtor has since filed some of her bankruptcy schedules and statement of financial affairs, she has not filed a chapter 13 plan, nor has she commenced making any plan payments to the chapter 13 Trustee. On November 9, 2022, the chapter 13 Trustee filed a motion to dismiss the Debtor's chapter 13 case asserting that the Debtor failed to file required documents and appear at the initial meeting of creditors held on November 8, 2022. Thus, the record here compels that conclusion that the timing and number of bankruptcy filings affected the Property and were singularly designed to delay and frustrate the foreclosure process and the legitimate rights of Windward Bora to exercise its rights and remedies under the Judgment of Foreclosure and Sale and applicable law.

The Court also finds that relief from the co-debtor stay imposed under § 1301(a) as to Mr. Mori is warranted under § 1301(c). A court may grant relief from the co-debtor stay to the extent that

> (1)    as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;
> (2)    the plan filed by the debtor proposes not to pay such claim; or
> (3)    such creditor's interest would be irreparably harmed by continuation of such stay.

11 U.S.C. § 1301(c)(1)-(3); *see also Lemma*, 394 B.R. 315 (Bankr. E.D.N.Y. 2008). Here, Mr. Mori is the sole obligor under the mortgage note and received the consideration underlying Windward Bora's claim. Additionally, the Debtor failed to file a chapter 13 plan providing for payment of Windward Bora's claim. Lastly, Windward Bora's interest in the Property would be irreparably harmed by continuation of the co-debtor stay to prevent the sale of the Property at foreclosure.

Accordingly, for the foregoing reasons, it is hereby Ordered that the Motion is granted as follows:

1. The automatic stay imposed in this chapter 13 case by § 362(a) is vacated under § 362(d)(1) as to Windward Bora's interest in the Property, to permit Windward Bora to pursue its rights in, and remedies in and to, the Property.

2. The co-debtor stay imposed in this chapter 13 case by §1301(a) is vacated with respect to Windward Bora under § 1301(c) to permit Windward Bora to pursue its rights in, and remedies in and to, the Property.

3. Under § 362(d)(4), and provided that this Memorandum Order is recorded in conformity therewith, this Memorandum Order terminating the automatic stay under § 362(a) as to Windward Bora's interest in the Property shall be binding in

any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two years after the date of this Memorandum Order, such that the automatic stay under § 362(a) shall not apply to Windward Bora's interest in the Property, except that a debtor in a subsequent case under the Bankruptcy Code may move for relief from this Memorandum Order based upon changed circumstances or for good cause shown, after notice and hearing.

So Ordered.



Dated: November 21, 2022
Central Islip, New York

Louis A. Scarcella
United States Bankruptcy Judge